Dear Mayor Goldsby:
You have requested a clarification of Attorney General Opinion No. 03-0288. The issues addressed in No. 03-0288 were as follows:
 1. Whether the mayor of a Lawrason Act municipality has the authority to review the agenda docket before it is posted and then instruct the clerk to remove or add certain items from/to that agenda?
 2. Does the clerk have the authority to refuse to place items on the agenda before it is posted when no written rules have been established regarding the agenda?
 3. Does the Lawrason Act give the clerk the sole responsibility for setting the agenda?
These questions were answered by a review of La. R.S. 33:404
(A) (1), (2) and (9) which state:
 § 404. Duties of mayor
 A. The mayor shall have the following powers, duties and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance my limit the
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
It is apparent that § 404 (A) (1) gives the mayor the authority to supervise and direct the administration and operation of all municipal departments and offices in conformity with ordinances adopted by the board of aldermen and that all the administrative staff is subordinate to the mayor. Also, (A) (2) allows the mayor to delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable, while (A) (9) gives the mayor the power to perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
In contrast, the duties of the clerk are set out in La. R.S.33:421 and 422. According to § 421, the clerk is to keep the records of the municipality which includes a docket of each subject to be acted upon by the mayor and board of aldermen at their next meeting. Additionally, § 422 designates the clerk as the auditor of the municipality.
It appears that the Lawrason Act gives the clerk certain duties, but that it also gives the mayor the duty to supervise the clerk and all other municipal officers, and the power to delegate administrative duties. In addition, La. R.S. 33:404(A) (9) gives the mayor the power to perform any other duty that is necessary or proper for the administration of the municipality. Pursuant to this statutory authority, the mayor has the power to adopt procedures for placing items on the meeting agenda and for conducting meetings of the board as long as these procedures are in conformity with ordinances adopted by the board of aldermen.
Therefore, to address the first question it is the opinion of this office that the mayor has the authority to review the agenda. He also has the authority to instruct the clerk to add or remove items from the agenda if these actions are not in conflict with the clerk's duties set out in La. R.S. 33:421 or any other procedures adopted by the mayor or board of aldermen.
With regard to the second question, the clerk does not have the authority to refuse to place items on the agenda when no written rules have been adopted regarding the agenda and since the mayor is the supervisor of the clerk.
Finally, the Lawrason Act does not give the clerk the sole responsibility for setting the agenda. Louisiana Revised Statute33:421 states that the clerk is to place items on the agenda docket to be acted upon by the mayor and board of aldermen at their next meeting. Nothing states that the clerk has the "sole" responsibility for setting the meeting agenda. The mayor has the duties and powers described previously and can supervise the items added to the agenda and those removed from it, unless he has delegated these duties or the board has determined a procedure for setting the agenda.
In summary, the mayor has the power to adopt procedures for placing items on or removing items from the meeting agenda as long as these actions are not in conflict with the clerk's duties set out in La. R.S. 33:421 or with any procedures adopted by the board of aldermen.
We trust this sufficiently answers your question. However, if we can be of further assistance please do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL